IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANINE SANTIAGO, ) | |
| ) | |
| Plaintiff(s), ) | No. C 08-3837 VRW (PR) |
| ) | |
| v. ) | ORDER OF SERVICE |
| ) | |
| FEDERAL BUREAU OF PRISONS, et al, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, a prisoner at the Federal Correctional Institution in Dublin, California (FCI – Dublin), has filed a pro se complaint under Bivens v Six Unknown Named Agents, 403 US 388 (1971), challenging various aspects of her confinement at FCI – Dublin. She seeks damages and injunctive relief.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

1    To state a claim under <u>Bivens v Six Unknown Named Agents</u>, 403 US 388
2    (1971), and its progeny, plaintiff must allege: (1) that a right secured by the
3    Constitution of the United States was violated, and (2) that the alleged violation
4    was committed by a federal actor.  See <u>Van Strum v Lawn</u>, 940 F2d 406, 409 (9th
5    Cir 1991) (42 USC § 1983 and <u>Bivens</u> actions are identical save for replacement
6    of state actor under § 1983 by federal actor under <u>Bivens</u>).

7    B.    <u>Legal Claims</u>

8    Plaintiff alleges that on December 3, 2006, she fell while climbing down
9    from her bunk bed and was "impaled by [a] protruding screw."   Plaintiff
10   received initial medical attention, but alleges that prison medical staff have since
11   denied and/or delayed medical care for her continued pain and related maladies.
12   Plaintiff further alleges that the unsafe living conditions and inadequate medical
13   care she has experienced are the result of serious overcrowding at FCI – Dublin.

14   Deliberate indifference to safety and/or serious medical needs violates
15   the Eighth Amendment's proscription against cruel and unusual punishment.  See
16   <u>Farmer v Brennan</u>, 511 US 825, 832-34 (1994).  Deliberate indifference requires
17   that a prison official know of and disregard an excessive risk to inmate health or
18   safety.  See id at 837.  Neither negligence nor gross negligence is enough to state
19   a claim under the Eighth Amendment.  See id at 835-36 & n4.

20   Although regrettable, plaintiff's allegations regarding her December 3,
21   2006 accident are dismissed for failure to state a claim under <u>Bivens</u> because they
22   do not amount to more than a claim for negligence or gross negligence.  See id.
23   Plaintiff may well bring such a claim under the Federal Tort Claims Act, 28 USC
24   §§ 1346(b), 2671-2680 (FTCA), but she must do so in a separate action against
25   the United States.  See <u>FDIC v Meyer</u>, 510 US 471, 478 (1994) (if suit is
26   cognizable under FTCA, remedy under FTCA is exclusive).

27
28

Liberally construed, plaintiff's allegations of denied and/or delayed medical care state a cognizable claim under Bivens for deliberate indifference to serious medical needs and will be served on the named defendants.  See Estelle v Gamble, 429 US 97, 104 (1976) (deliberate indifference to serious medical needs violates 8th Amendment's proscription against cruel and unusual punishment).  So will plaintiff's allegations of unconstitutional overcrowding.  See Hoptowit v Ray, 682 F2d 1237, 1249 (9th Cir 1982) (Constitution violated when overcrowding results in specific effects forming basis for 8th Amendment violation, such as reduction in services); see also Akao v Shimoda, 832 F2d 119, 120 (9th Cir 1987) (allegations of increase in stress, tension, communicable diseases and confrontations between inmates due to overcrowding state 8th Amendment claim).

Plaintiff's allegations of harassment and the like at FCI – Dublin are dismissed for failure to rise to the level of constitutional violations.  See Rutledge v Arizona Bd of Regents, 660 F2d 1345, 1353 (9th Cir 1981) (harassment not cognizable as constitutional violation); see also Wright v Rushen, 642 F2d 1129, 1132 (9th Cir 1981) (federal courts should avoid enmeshing themselves in minutiae of prison operations in name of 8th Amendment).  The instant action will be limited to plaintiff's medical and overcrowding claims under Bivens.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants.

/

1         The clerk shall send a copy of the summons and complaint to defendants'
2    counsel, the United States Attorney for the Northern District of California, and to
3    the Attorney General of the United States in Washington, DC.  See Fed R Civ P
4    4(i).  The clerk also shall send a copy of this order to plaintiff.
5         2.    In order to expedite the resolution of this case, the court orders as
6    follows:
7              a.    No later than 120 days from the date of this order,
8    defendants shall file a motion for summary judgment or other dispositive motion.
9    A motion for summary judgment shall be supported by adequate factual
10   documentation and shall conform in all respects to Federal Rule of Civil
11   Procedure 56, and shall include as exhibits all records and incident reports
12   stemming from the events at issue.  If defendants are of the opinion that this case
13   cannot be resolved by summary judgment or other dispositive motion, they shall
14   so inform the court prior to the date their motion is due.  All papers filed with the
15   court shall be served promptly on plaintiff.
16             b.    Plaintiff's opposition to the dispositive motion shall be filed
17   with the court and served upon defendants no later than 30 days after defendants
18   serve plaintiff with the motion.
19             c.    Plaintiff is advised that a motion for summary judgment
20   under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
21   case.  Rule 56 tells you what you must do in order to oppose a motion for
22   summary judgment.  Generally, summary judgment must be granted when there
23   is no genuine issue of material fact--that is, if there is no real dispute about any
24   fact that would affect the result of your case, the party who asked for summary
25   judgment is entitled to judgment as a matter of law, which will end your case.
26   When a party you are suing makes a motion for summary judgment that is

properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v Rowland, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v Terhune, 315 F3d 1108, 1120 n14 (9th Cir 2003).

       d.     Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

       e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

1        5.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must
2  keep the court and all parties informed of any change of address and must comply
3  with the court's orders in a timely fashion.  Failure to do so may result in the
4  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
5        SO ORDERED.

                              VAUGHN R WALKER
                              United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Santiago, J1.serve.wpd

6